UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPAN SEREDA,<br>Plaintiff,<br>v.<br>MANUEL AYALA, *et al.*,<br>Defendants. | Case No. 2:25-cv-2583-DC-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff was assaulted in Turlock, California and alleges that the criminal case involving his attacker was closed without the opportunity for him to adequately participate. Plaintiff, proceeding pro se, brings this action against defendants City of Turlock ("the City"), County of Stanislaus ("the County"), and eight individuals, including officer Manuel Ayala. The County has moved to dismiss, and the City and Ayala have moved for judgment on the pleadings. For the reasons stated below, I recommend that both motions be granted and that the first amended complaint be dismissed without leave to amend.

**Background**

Plaintiff alleges that he "was assaulted/strangled in Turlock, California," which left him with a collapsed lung that required surgery. ECF No. 22 at 5, 7. Officers with the Turlock Police Department responded to the scene, and plaintiff alleges that an officer "specifically advised that the matter would go to trial and that a hearing would be held in approximately two to three

months." *Id*. at 5. An unspecified number of months later, plaintiff received a call informing him that the criminal case involving his attacker had been closed, allegedly for "insufficient evidence." *Id*. at 5, 8. Plaintiff asserts that he was not provided an "opportunity to present additional evidence or objections before the closure date" and that his only interview occurred immediately after the attack when he was in "a state of distress." *Id*.

**Procedural History**

Plaintiff filed the first amended complaint ("FAC") in February 2026.[1] ECF No. 22. The FAC brings five claims: (1) violation of Title II of the Americans with Disabilities Act ("ADA") against the City and the County; (2) violation of Section 504 of the Rehabilitation Act against the City and the County; (3) violation of due process and equal protection pursuant to 42 U.S.C. § 1983 against all individual defendants; (4) municipal liability pursuant to section 1983 against the City and the County; and (5) violation of procedural due process pursuant to section 1983 against all defendants. *Id*. at 12-17.

On February 17, 2026, the County filed a motion to dismiss all claims brought against it. ECF No. 23. Plaintiff was required to file an opposition or statement of non-opposition by March 3, 2026. *See* E.D. Cal. L.R. 230(c). Plaintiff did not file by that deadline. On April 9, 2026, I ordered plaintiff to show cause as to why sanctions should not be imposed for his failure to comply with the local rules. ECF No. 28 at 2. Plaintiff filed a response in which he points out that the court found that the County's motion was defective in that it was noticed for a hearing in front of the district judge, not me.[2] *See* ECF No. 33 at 2 (citing ECF No. 25). Plaintiff suggests that he was waiting for the County to "serve a procedurally corrected version." *Id*. Plaintiff

[1] Plaintiff notes that he uses "translation tools in preparing filings due to limited English proficiency." ECF No. 22 at 18.

[2] Prior to filing this response, plaintiff filed the following three motions: (1) motion for order clarifying status of first amended complaint and directing the clerk to issue summons as to certain defendants; (2) motion for extension of time and a renewed motion for the appointment of counsel; and (3) motion for clarification of the County's motion. ECF Nos. 29, 30, & 32. In light of my recommendation that the first amended complaint be dismissed without leave to amend, I will deny these motions as moot. Moreover, plaintiff's renewed motion for the appointment of counsel, ECF No. 30, is denied for the reasons set forth in my prior order denying plaintiff's first such motion. *See* ECF No. 27 at 1.

concurrently filed an opposition to the County's motion. ECF No. 34. I will discharge the order to show cause and consider plaintiff's untimely opposition. The County has submitted a reply. ECF No. 36.

On the same day that plaintiff filed his response to the order to show cause and his opposition to the County's motion, he filed a document captioned "First Amended Complaint." ECF No. 35. This filing appears to be identical to the first amended complaint filed at ECF No. 22 except for the exhibits; at ECF No. 22, plaintiff submitted 88 pages of exhibits, and he submitted two pages of exhibits at ECF No. 35.[3] No defendants have responded to the filing at ECF No. 35, presumably because it appears to have been made in error. In an effort to ameliorate the docket for the benefit of the parties and the court, I will strike the filing at ECF No. 35.

On May 21, 2026, the City and Ayala filed a motion for judgment on the pleadings as to all claims brought against them. ECF No. 38. Plaintiff was required to file an opposition or statement of non-opposition by June 4, 2026. *See* E.D. Cal. L.R. 230(c). Plaintiff did not file by that deadline. On June 16, 2026, plaintiff filed an opposition.[4] ECF No. 41. Plaintiff has filed a motion to accept his untimely opposition. ECF No. 43. I will grant this motion and consider plaintiff's filing. The City and Ayala have filed a reply. ECF No. 42.

**Legal Standard**

The standard for adjudicating a motion for judgment on the pleadings is identical to the one used for deciding a motion to dismiss under Rule 12(b)(6). *See Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To

[3] The exhibit at ECF No. 35 is a letter from a medical provider explaining plaintiff's diagnoses following his assault. *See* ECF No. 35 at 19-20. This letter is elsewhere in the record. *See* ECF No. 33 at 4-5.

[4] Plaintiff concurrently filed a motion for a 90-day extension of time for serving certain individual defendants. ECF No. 40. In light of my recommendation that the first amended complaint be dismissed without leave to amend, I will deny this motion as moot.

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 664. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

**Discussion**

Plaintiff cannot state a federal claim for any alleged failure of prosecutors to further involve him in his attacker's prosecution.[5] First, with regard to plaintiff's section 1983 claims for violation of due process, plaintiff does not have a protected liberty interest in the prosecution of his attacker. "[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). In the criminal context, "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 768 (2005). As such, "there is no cause of action under § 1983 for the failure to investigate or prosecute a crime, as an individual has no federal constitutional right to have criminal wrongdoers brought to justice." *See Nice v. Lopez*, No. 25-cv-0029-JMS-RT, 2025 WL 673454, at *5 (D. Haw. Mar. 3, 2025) (citing *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) ("[T]he decision to prosecute is solely within the discretion of the prosecutor.") and *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Moreover, "a prosecutor is entitled to absolute immunity for the decision not to prosecute." *Roe v. City & Cnty. of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997).

California has enacted a Victims' Bill of Rights that gives plaintiff certain protections. Relevant here, plaintiff had the right "[t]o reasonable notice of and to reasonably confer with the prosecuting agency, *upon request*, regarding, the arrest of the defendant if known by the

---

[5] Plaintiff argues that he "does not assert any entitlement to the prosecution of any individual" and that instead his "claim is based on the deprivation of procedural safeguards in the process that was in fact provided." ECF No. 34 at 7-8; *see also* ECF No. 41 at 6 ("The word 'participation' in the FAC means Plaintiff's participation in procedures affecting himself—to be heard and to submit own materials before the case was closed—not 'participation in the prosecution of another person."). This is a distinction without a difference. By alleging that he was entitled to another interview and the opportunity to submit evidence before his attacker's criminal case closed, plaintiff necessarily alleges that he was entitled to participate further in the prosecution of his attacker.

prosecutor, the charges filed . . . and, *upon request*, to be notified of and informed before any pretrial disposition of the case." *See* Cal. Const. art. I, § 28(b)(6) (emphasis added). Plaintiff does not allege that he requested to confer with prosecutors or to be informed before disposition of the case; rather, he states that he awaited further information from prosecutors, which he received after the case was closed. *See* ECF No. 35 at 5. However, even if plaintiff established that prosecutors violated California's Victims' Bill of Rights, that would not give rise to a federal due process claim. The Court of Appeal has held:

> California's Victims' Bill of Rights gives crime victims important procedural rights in participating in the punishment of those who have victimized them. For reasons that are unclear on this record, the state officials involved in [the attacker's] sentencing [. . .] paid no heed to [the plaintiff's] rights. While this is doubtless frustrating to [the plaintiff], his remedy, if any, lies in the state courts or through the political process. The Victims' Bill of Rights does not give crime victims a liberty or property interest enforceable under the Due Process Clause. Although [the plaintiff] may have a legitimate grievance against the state officials involved in [the attacker's] sentencing and release, he has no federal cause of action.

*Dix v. Cnty. of Shasta*, 963 F.2d 1296, 1301 (9th Cir. 1992). Accordingly, plaintiff's due process claims fail as a matter of law.

Similarly, any claim for violation of the Equal Protection Clause must fail. As an initial matter, plaintiff does not appear to state a standalone equal protection claim but rather has included the term "equal protection" within his due process claim. *See* ECF No. 22 at 13 (alleging that "[a]s a result of Defendants' acts and omissions, Plaintiff was deprived of procedural guarantees protected by the Fourteenth Amendment, including procedural due process and equal protection . . . ."), 14 (alleging that "the described violations implicate clearly established rights guaranteed by the Fourteenth Amendment (procedural due process, meaningful access to courts, equal protection)").

To the extent that plaintiff seeks to plead a separate equal protection claim, such a claim fails for the reasons identified by the City and Ayala in their motion. *See* ECF No. 38-1 at 5. Plaintiff has not alleged that he has a membership in a protected class, and he has not alleged that defendants acted with "an intent or purpose to discriminate" against him. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) ("To state a § 1983 claim for violation of the

Equal Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.") (cleaned up). While an Equal Protection claim can proceed on a "class of one" basis, plaintiff's claim still fails because he has not alleged that defendants intentionally treated him "differently from others similarly situated," and even if he did, he does not plead that there is "no rational basis for the difference in treatment."[6] *See SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122-23 (9th Cir. 2022) ("To plead a class-of-one equal protection claim, the [plaintiffs] must allege facts showing that they have been (1) intentionally (2) treated differently from others similarly situated and that (3) there is no rational basis for the difference in treatment.") (cleaned up). Accordingly, plaintiff cannot plead an equal protection claim.

Plaintiff cannot plausibly allege a constitutional violation. Consequently, his final section 1983 claim for municipal liability must also fail. *See Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (holding that to impose municipal liability under section 1983, a plaintiff "must establish that he possessed a constitutional right of which he was deprived").

Finally, plaintiff's claims under the ADA and section 504 must also be dismissed. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. For its part, section 504 provides that no qualified individual with a disability "shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

---

[6] Similarly, any claim for selective prosecution would fail because "[c]ourts presume that prosecutors have properly discharged their official duties" and to "dispel the presumption that a prosecutor has not violated equal protection, [the plaintiff] must present 'clear evidence to the contrary.'" *Young v. Gipson*, 163 F. Supp. 3d 647, 675 (N.D. Cal. 2015) (citing *United States v. Armstrong*, 517 U.S. 456, 464 (1996)). Here, the prosecutor's decision to close the close "cannot be judicially reviewed" because plaintiff has failed to make a "prima facie showing that it rested on an impermissible basis." *See id.*

Plaintiff alleges that the City and the County failed to "provide reasonable modifications and effective communication" throughout the criminal prosecution of his attacker, and he alleges that defendants thus failed to accommodate his disability. *See* ECF No. 22 at 12. However, plaintiff's allegations against the prosecutor's office involve alleged behaviors that are well within the office's prosecutorial duties, and thus any claim arising from such allegations is barred by prosecutorial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (applying the doctrine of judicial immunity to claims brought under the ADA and the Rehabilitation Act).

The court sympathizes with plaintiff's position and does not discount the long-lasting impacts of his assault. Plaintiff understandably states that he "did not choose to be in this situation," contending with the ramifications of his assault and the prosecutor's decision to close the case against his attacker. *See* ECF No. 30 at 1. However, plaintiff has chosen to prosecute this federal action, and he has provided no indication that he can state a federal claim against any defendant. Without taking a position on whether the prosecutor's office should have further involved plaintiff, the court must hold that plaintiff cannot state a federal claim based on any alleged failure to comply with his rights under state law. Accordingly, although plaintiff seeks leave to amend, the first amended complaint must be dismissed without leave to amend. *See Hayes*, 849 F.3d at 1208; ECF No. 34 at 9.

Further, although the County, the City, and Ayala are the only defendants who have yet to appear, the first amended complaint must be dismissed as to all defendants because, for the reasons explained above, plaintiff cannot state a claim against any such defendant. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir.1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's amended complaint, ECF No. 35, is STRICKEN.

2. Plaintiff's motion for order clarifying status of first amended complaint and directing the clerk to issue summons as to certain defendants, ECF No. 29, is DENIED.

3. Plaintiff's motion for extension of time and renewed motion for the appointment of counsel, ECF No. 30, is DENIED.

4. Plaintiff's motion for clarification, ECF No. 32, is DENIED.

5. Plaintiff's motion for an extension of time to complete service, ECF No. 40, is DENIED.

6. Plaintiff's motion to accept his untimely opposition, ECF No. 43, is GRANTED.

Further, it is hereby RECOMMENDED that:

1. The County's motion to dismiss, ECF No. 23, be GRANTED.

2. The City and Ayala's motion for judgment on the pleadings, ECF No. 38, be GRANTED.

3. The first amended complaint, ECF No. 22, be DISMISSED without leave to amend.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 29, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE